REINHARDT, Circuit Judge,
dissenting from the denial of rehearing en banc:
We should have taken this case en banc for the reasons set forth in Section II.A of Judge Bybee’s dissent. United States v. Whitehead, 532 F.3d 991, 994-96 (9th Cir.2008). Although, in my view, the result reached in Whitehead was not necessarily erroneous, the cursory nature of the review in which the majority engaged surely was. The majority’s superficial opinion reflects a fundamental misunderstanding of our responsibility as appellate judges to conduct a serious examination of the sentencing decisions of district courts and to reverse those sentences if they do not *922 meet the standard of “substantive reasonableness.” Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).
I regret that Judge Gould has chosen to limit his complaint to the sentencing of white collar criminals and that he emphasizes a need for an increase in the length of sentences, if only in their case. The problem with our sentencing policies these days is quite the opposite: the sentences we impose are far too harsh. Those harsh penalties fall all too often on the “poor and powerless.” Dissent from Denial of Rehearing at 3180. Some of the sentences federal courts impose are, indeed, both absurd and inhumane. A fairly recent example is the sentence handed down in United States v. Hungerford, 465 F.3d 1113 (9th Cir.2006), a case in which we were compelled, on account of our mandatory minimum sentencing regime (and some unconscionable prosecutorial charging decisions) to affirm “an immensely cruel, if not barbaric, 159-year sentence [of] a severely mentally disturbed person who played a limited and fairly passive role in several robberies during which no one was physically harmed.” She was in addition a 52-year-old first offender. Id. at 1119, 1120 (Reinhardt, J., concurring in the judgment). A one hundred and fifty-nine year sentence? ? The solution to our sentencing problem is, in my view, to treat all defendants fairly, white collar and otherwise. To that end, I am less concerned with our occasional deference to lenient district court sentencing decisions than with our continuing obligation to ensure that sentences are not unreasonably severe.
Appellate judges must play an important, though deferential, role in achieving this goal. I recognize that our ability to do so is limited not only by the deference we must show to sentencing judges but by the harsh sentencing policies Congress has adopted, especially with respect to mandatory minimum sentences. Still, district judges remain free in most cases to follow the statutory principles Congress has established, and to impose a sentence that is “sufficient, but not greater than necessary,” taking into account, inter alia, “the nature and circumstances of the offense and the history and characteristics of the defendant.” 18 U.S.C. § 3553. The Supreme Court has ruled, and fairness demands, that we must conduct a serious review of the sentences imposed by district judges to ensure that they are reasonable. We abdicate our responsibility when we fail to do so — whoever the defendant may be, and whatever the crime.